UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GTE MOBILNET OF CALIFORNIA LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>CARMEL-BY-THE-SEA, CITY OF,<br><br>Defendant, and<br><br>LA PLAYA CARMEL HOTEL, LLC, and STOP CELL TOWERS IN CARMEL NEIGHBORHOODS,<br><br>Intervenor-Defendants. | Case No. 22-cv-00347-NC<br><br>**ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT AND INTERVENOR-DEFENDANTS**<br><br>Re: ECF 11 |

This suit arises from Plaintiff GTE Mobilnet of California LP (d/b/a Verizon Wireless)'s appeal of Defendant City of Carmel-by-the-Sea's denial of its application for a wireless facility on Carmelo Street in Carmel-by-the-Sea, California. Verizon alleges that the City violated the Telecommunications Act of 1996 (TCA) and their settlement agreement when it did not timely deliver a written denial notice to Verizon. The City contests Verizon's interpretation that the TCA requires delivery. Because the Court finds that the TCA does not have a delivery requirement, and the City properly issued the denial, the Court GRANTS summary judgment in favor of the City and Intervenor-Defendants La Playa Carmel Hotel LLC and STOP Cell Towers in Carmel Neighborhoods.

I.    **BACKGROUND**

    A.    **Factual Background**

      As alleged in the complaint, starting in 2017, Verizon applied to the City to establish five small wireless facilities in the residential area of Carmel-by-the-Sea; the City denied all of the applications. ECF 1 ¶ 28. Verizon then attempted to work with the City to redesign the network and apply for new facility sites, including the Carmelo site. *Id.* ¶ 29. On April 7, 2021, Verizon submitted the Carmelo application. *Id.* ¶ 31.

      After two hearings, the City denied the Carmelo application. *Id.* ¶ 32. Verizon appealed and agreed with the City to toll the TCA shot clock—the time within which the City was required to issue a final action on an application—to December 17, 2021. *Id.* ¶ 33. Before the City held its City Council appeal hearing on December 7, 2021, it posted the hearing's agenda, including the draft resolution denying the Carmelo application appeal, to its public website. ECF 36-1 (Wright Dep.) 45:12–22; ECF 11-2 (Wright Decl.) ¶ 2. At the hearing, the City denied Verizon's appeal and approved the draft Denial Resolution with minor amendments. ECF 36-1 (Potter Dep.) 31:12–14. The City posted a video of the hearing on its public website the next day. Wright Decl. ¶ 2.

      On December 9, 2021, Pete Shubin, a Verizon representative, emailed Brandon Swanson, the City's Director of Community Planning and Building, asking for the finalized Denial Resolution, signed or unsigned. ECF 36-1 at 89. Swanson responded that "we will work on getting it to you soon," copying Acting City Clerk Ashlee Wright on the email. *Id.* Shubin's request did not comply with the City's publicly posted instructions on how to make a Public Records Act request. Wright Dep. 45:2–15. Wright did not follow up on his request. *Id.* at 46:13–20.

      On December 14, 2021, Dave Potter, the City's mayor, signed the finalized Denial Resolution, which added a sentence reflecting Verizon's oral testimony and an additional piece of evidence for denial. Wright Decl. ¶ 3; *compare* ECF 11-1 at 9, *with* ECF 11-2 at 14. Wright uploaded the signed Denial Resolution to the City's internal server, which made the Resolution available to anyone through a Public Records Act request. Wright

2

1    Dep. 70:23–71:6.  Wright did not deliver the Denial Resolution to Shubin or any other
2    Verizon representative, nor did Verizon follow up on its email with Swanson or Wright.
3    Wright Dep. 24:17–20, 59:5–10.

4        That same day, Verizon's outside counsel emailed Brian Pierik, the Carmel-by-the-
5    Sea City Attorney, to inform him that Verizon would be "willing to defer litigating the
6    denials of its proposed small wireless facilities at least through next month" and proposed
7    that "no statute of limitations to challenge the denials of the above-captioned applications
8    shall expire prior to June 6, 2022;" the City rejected Verizon's request to defer litigation.
9    Wright Dep. 77:8–79:25.

10       **B.    Procedural Background**

11       On January 18, 2022, Verizon sued the City for violation of the TCA shot clock and
12   breach of the parties' settlement agreement requiring strict compliance with the shot clock.
13   ECF 1 at 9–10.  In its complaint, Verizon also requested expedited review of its appeal.
14   *Id.* at 11.  On February 17, the City moved to dismiss the complaint for failure to state a
15   claim and filed a request for judicial notice.  ECF 11; ECF 11-1.  That same day, La Playa
16   Carmel Hotel and STOP Cell Towers in Carmel Neighborhoods moved to intervene in the
17   case.  ECF 10.  After the Court granted the motion to intervene, the Intervenor-Defendants
18   joined the City's motion to dismiss.  ECF 22; ECF 23.  Intervenor-Defendants also filed a
19   request for judicial notice.  ECF 25.  At the March 30, 2022 hearing, the Court converted
20   the motion to dismiss into a motion for summary judgment under Rule 12(d) given the
21   City's and Intervenor-Defendants' requests for the Court to consider additional documents.
22   ECF 29.  The Court allowed each side to file a supplemental brief with evidence or
23   arguments in support of the converted motion for summary judgment.  ECF 36–39.

24       All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C.
25   § 636(c).  ECF 8; ECF 15; ECF 16.

26   **II.   LEGAL STANDARD**

27       A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal
28   sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "To

United States District Court
Northern District of California

3

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A motion under Rule 12(b)(6) can be converted to a motion for summary judgment under Rule 12(d) if "matters outside the pleadings are presented to and not excluded by the court" and all parties are given a "reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact.  Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 651 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material when, under governing substantive law, it could affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  Bald assertions that genuine issues of material fact exist are insufficient.  *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.  Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial.  Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)).  All justifiable inferences, however, must be drawn in the light most favorable to the nonmoving party.  *Tolan*, 572 U.S. 651 (citing *Liberty Lobby*, 477 U.S. at 255).

### III.   JUDICIAL NOTICE & INCORPORATION BY REFERENCE

The City requests judicial notice of: (1) Resolution No. 2021-084, (2) Resolution 2020-071, and (3) the executed Verizon Small Cell Facilities Agreement.  ECF 11-1; ECF

38.  It also requests the incorporation by reference of the Declaration of Ashlee Wright. ECF 27.  Intervenor-Defendants request judicial notice of: (1) a copy of Chapter 17.54 of the City of Carmel-by-the-Sea's Municipal Code; and (2) City of Carmel-by-the-Sea City Council Staff Report dated October 6, 2020 regarding Resolution 2020-071.  ECF 25.

Federal Rule of Evidence 201 allows a court to take judicial notice of "a fact that is not subject to reasonable dispute" because it is "generally known" within the court's jurisdiction or can be "accurately and readily determined from sources whose accuracy cannot be reasonably questioned."  If the documents presented are not relevant to the legal issues before the court, the court can decline to take judicial notice of them.  *See Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 399 n.7 (9th Cir. 2000).

The Court finds that Resolution No. 2021-084 is judicially noticeable.  *See Colony Cove Prop., LLC v. City of Carson*, 640 F.3d 948, 954 n.3 (9th Cir. 2011) (allowing judicial notice of a city council resolution).  The Court finds that judicial notice is not appropriate for: Resolution 2020-071, the executed Verizon Small Cell Facilities Agreement, Chapter 17.54 of the City of Carmel-by-the-Sea's Municipal Code, and the City of Carmel-by-the-Sea City Council Staff Report because they are not relevant to the legal issues of timely action under the TCA before the Court.  *See Flick*, 205 F.3d at 399 n.7.  The Court also declines to incorporate Wright's Declaration by reference because the Declaration does not "form the basis of [Verizon's] claim."  *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

However, because the City's motion to dismiss was converted to a motion for summary judgment, the Court gave the parties a "reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  The Court now considers whether Resolution 2020-071, the Verizon Small Cell Facilities Agreement, Chapter 17.54 of the City of Carmel-by-the-Sea's Municipal Code, the City of Carmel-by-the-Sea City Council Staff Report, and the Declaration of Ashlee Wright are admissible evidence.  *See Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).  Verizon only

contests the Declaration of Ashlee Wright.[1]  ECF 20-1.  The Declaration was "made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matter stated."  Fed. R. Civ. P. 56(c)(4); Wright Decl. ¶ 1.  Thus, even if not judicially noticeable, the Court considers all requested documents in its summary judgment evaluation as admissible evidence.

## IV.    DISCUSSION

Verizon argues that the Court must deny the City's summary judgment motion because the City violated the shot clock and the parties' settlement agreement by not providing Verizon a written denial of its application, as the Telecommunications Act of 1996 (TCA) requires.  *See* ECF 1 at 8–10; ECF 36 at 6.  The City and Intervenor-Defendants counter that the TCA does not require municipalities to deliver a written denial to applicants.  ECF 37 at 1.  The City argues that it fulfilled the TCA's requirement to take timely action twice: once, when it posted the draft Denial Resolution and video recording of the December 7 hearing online; and again, when it made the finalized Denial Resolution publicly available through a Public Records Act request.  ECF 37 at 7.

The TCA provides that a municipality "shall act on any request for authorization to place, construct, or modify personal wireless service facilities within a reasonable period of time after the request is duly filed with such a government."  47 U.S.C. § 332(c)(7)(B)(ii).  The Federal Communications Commission later clarified that a "reasonable period of time" is ninety days from the request.  *City of Arlington v. F.C.C.*, 569 U.S. 290, 295 (2013).  If a municipality denies a request, the TCA requires that the denial "be in writing and supported by substantial evidence contained in a written record."  47 U.S.C. § 332(c)(7)(B)(iii).  The requestor has "30 days after [a municipality's] action or failure to act [to] commence an action in any court of competent jurisdiction."  47 U.S.C. § 332(c)(7)(B)(v).

After reviewing the evidence, the Court finds that the City fulfilled the TCA's

---

[1] Verizon does not object to any of these documents as admissible evidence, only objecting to incorporating the Declaration of Ashlee Wright by reference.  ECF 20-1.

United States District Court
Northern District of California

1   written denial and substantial evidence requirements and took timely action.  Verizon's

2   brief focuses on one argument: that the City incorrectly argues that the "TCA allows [the

3   City] to 'issue' it's written denial in secret and then conceal it from the applicant for

4   months."  ECF 20 at 6.  In doing so, Verizon relies on its interpretation that the TCA

5   requires "both the written denial and the reasons . . . be *communicated to the applicant*" to

6   constitute a final action.  ECF 20 at 6 (emphasis in original).

7           The Supreme Court has noted that in the TCA there is "no verb at all to describe the

8   conveying of information from a locality to an applicant," and thus no notification burden

9   on municipalities.  *T-Mobile S., LLC v. City of Roswell, Ga.*, 574 U.S. 293, 306 (2015); *see*

10  *also Cap. Telecom Holdings II, LLC v. Grove City, Ohio*, 403 F. Supp. 3d 643, 651 (S.D.

11  Ohio 2019) (making it the "municipality's prerogative on how to issue the written

12  decision" because the TCA does not mandate "how municipalities issue the denial").

13  While Verizon correctly asserts that *Roswell* holds that "both the written denial and

14  reasons must be *communicated to the applicant*," Verizon improperly equates

15  *communicated* with *delivered*.  ECF 20 at 6 (emphasis in original).  Contrary to Verizon's

16  expanded reading, *Roswell* simply states that a denial must be "provided or made

17  accessible to the applicant."  574 U.S. at 295.

18          For the same reasons that publication of a city council's meeting minutes satisfies

19  *Roswell*'s requirements, the City's posting of the draft Denial Resolution and video

20  recording of the December 7 hearing complied with the TCA.  *See Cap. Telecom*, 403 F.

21  Supp. 3d at 653.  Verizon does not contest the fact that the Denial Resolution was in

22  writing, public, or posted before the agreed upon shot clock ran on December 17, 2021.

23  Verizon instead argues that the City cannot rely on the video of the December 7 hearing or

24  a Verizon representative's attendance at the hearing as a "written notice of denial."  ECF

25  36 at 6.  However, this argument is irrelevant as the City proffers the "draft denial

26  resolution *in combination with* the video recording."  ECF 37 at 6 (emphasis added).

27          Similarly, the final Denial Resolution was properly issued before the agreed-upon

28  shot clock ran because it was available to the public through a Public Records Act request

United States District Court
Northern District of California

as of December 14, 2021.  ECF 37 at 7.  Verizon does not dispute that the Denial Resolution was signed before the shot clock expired; instead, it argues that the Denial Resolution was issued in secret and concealed from Verizon for months.  ECF 36 at 2.  To support this claim, Verizon provides evidence that the City uploaded the Denial Resolution to its internal server, did not send it to any Verizon representatives, and did not date it.  Wright Dep. 24:17–21 41:22–42:6; Denial Resolution.  The Court does not find that these facts prevented Verizon from accessing the Denial Resolution.  Although the Denial Resolution was stored on an internal server, the public, including Verizon, was able to access it though a Public Records Act request.  Wright Dep. 45:2–4, 59:5–10, 71:7–72:1; Wright Decl. ¶ 4.  Despite the fact that the instructions for making a Public Records Act request were posted on the City's public website, Verizon did not make a request.  *Id.*

Verizon further claims that the City secretly issued and concealed the Denial Resolution as evidenced by an email exchange where a Verizon representative requested the Resolution and the City "promised" to provide it when it was available but never did.  ECF 20 at 6, 7.  Verizon does not cite any authority to support its argument that the City's actions rose to the level of an improper concealment.  Ultimately, the Court is not persuaded that this email exchange supports Verizon's claim of concealment because Verizon did not request the document through the process identified on the City's website and Verizon never followed up on its email request.  Wright Dep. 24:17–20, 59:5–10.

In fact, Verizon's email exchange demonstrates that Verizon *did* have timely notice of the Denial Resolution.  *See* ECF 20-3 at 2 (requesting a "copy of the Resolution of Denial for the Verizon Wireless Carmelo project" on December 9, 2021).  Verizon's awareness of the Denial Resolution is further demonstrated by the email exchange—on the same day the City issued the Resolution—between its outside counsel and the City regarding its willingness to "defer litigating the denials."  Wright Dep. 77:8–79:25.  Although the Denial Resolution is undated, Verizon appealed it within the requisite thirty days.  ECF 20 at 4; ECF 1 at 1.  Thus, Verizon was "not prejudiced by any delay."  *See BellSouth Mobility, Inc. v. Parish of Plaquemines*, 40 F. Supp. 2d 372, 378 (E.D. La. 1999)

(finding that BellSouth was not prejudiced because it knew its permit was denied and filed a timely appeal despite not receiving a written notice from the city council).

Even viewing the evidence in the light most favorable to Verizon, there is no genuine dispute that Verizon had timely notice of the City's decision on its Carmelo application. Accordingly, the Court GRANTS summary judgment in favor of the City and Intervenor-Defendants on this issue.[2]

Verizon's complaint only asserts two claims against the City and both rely on a finding that Verizon did not have timely notice of the City's final action. *See* ECF 1 at 8–10; *see also* ECF 11 at 9. Thus, because the Court determines that Verizon did have timely notice of the City's final action, there are no remaining claims in the complaint.

## V.    CONCLUSION

For the foregoing reasons, the Court GRANTS summary judgment in favor of the City and Intervenor-Defendants. Verizon's complaint is therefore DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated:  June 30, 2022                                    _____
                                                         NATHANAEL M. COUSINS
                                                         United States Magistrate Judge

---

[2] Because the Court grants summary judgment on the timely notice argument, it need not address Intervenor-Defendants' additional arguments that the complaint is time-barred and unripe. ECF 39 at 1.