GAIL A. KARISH, Bar No. 244264
gail.karish@bbklaw.com
AVI W. RUTSCHMAN, Bar No. 298922
avi.rutschman@bbklaw.com
BEST BEST & KRIEGER LLP
300 South Grand Avenue
25th Floor
Los Angeles, California 90071
Telephone: (213) 617-8100
Facsimile: (213) 617-7480

Attorneys for Defendant
CARMEL-BY-THE-SEA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GTE MOBILNET OF CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership d/b/a VERIZON WIRELESS,<br><br>Plaintiff,<br><br>v.<br><br>CARMEL-BY-THE-SEA,<br><br>Defendant. | Case No. 5:22-CV-00347-NC<br><br>**DEFENDANT CARMEL-BY-THE-SEA'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with:*<br>    *1. Declaration of Gail A. Karish;*<br>    *2. Declaration of Brian Pierik;*<br>    *3. Declaration of Robert May; and*<br>    *4. [Proposed] Order]*<br><br>Date:          September 14, 2022<br>Time:          1:00 p.m.<br>Courtroom:  5<br>Judge:         Hon. Nathanael Cousins<br>Trial Date:   Not Set<br>Action Filed:  January 18, 2022 |

*Sidebar (vertical text):* BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA

1

## NOTICE OF MOTION AND MOTION

2

## TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

3      **NOTICE IS HEREBY GIVEN** that on September 14, 2022, at 1:00 p.m. or

4   as soon thereafter as the matter may be heard in Courtroom 5 of this court located at

5   280 South 1st Street, Fourth Floor, San Jose, CA 95113, Defendant CARMEL-BY-

6   THE-SEA ("City") will move for an order fixing $77,583.40 as the amount of

7   reasonable attorneys' fees and costs to which City is entitled pursuant to Federal

8   Rule of Civil Procedure 54(d), California Code of Civil Procedure § 1021, and

9   California Civil Code §§ 1717, 1032(b), and 1033.5(a)(10)(A).

10      This motion is further made on the grounds that the City is the prevailing

11   party pursuant to the Court's Judgment of June 30, 2022, regarding the City's

12   Motion for Summary Judgment.

13      This motion will be based on this Notice of Motion, the accompanying

14   Memorandum of Points and Authorities and Declarations of Gail A. Karish, Brian

15   Pierik, and Robert May, and on such further evidence as may be presented at the

16   hearing on the motion

17

18   Dated:      August 4, 2022              BEST BEST & KRIEGER LLP

19

20                                          By: _/s/ Gail A. Karish_

21                                          GAIL A. KARISH
                                            AVI W. RUTSCHMAN
22
                                            Attorneys for Defendant
23                                          CARMEL-BY-THE-SEA

24

25

26

27

28

5:22-CV-00347-NC
DEFENDANT CARMEL-BY-THE-SEA'S
NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES

BEST BEST & KRIEGER LLP

BEST BEST & KRIEGER LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On June 30, 2022, this Court issued an order granting a motion for summary judgment filed by Defendant City of Carmel-By-The-Sea ("City") against Plaintiff GTE Mobilnet d/b/a Verizon Wireless ("Verizon").  As part of its lawsuit, Verizon sought to enforce a settlement agreement between it and the City.  The settlement agreement contains an attorneys' fees provision entitling the prevailing party in any action to enforce the settlement agreement to recover its attorneys' fees.  As a result of the Court's June 30, 2022 order, the City is the prevailing party and is entitled to recover its attorneys' fees.

The City seeks to recover $77,583.40.[1]  As discussed in greater detail below, this request is reasonable.  The rates charged by the attorneys who worked on this case range from $275 per hour to $360 per hour, well within the rates typically approved by the Northern District of California.  Furthermore, the time spent on this case is reasonable.  The City attempted to dispose of this matter through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6); however, at Verizon's insistence, the Court converted the motion to dismiss into a motion for summary judgment and permitted Verizon to take discovery.  As a result, Verizon issued a Request for Production, a Public Records Act request, and deposed three City employees and the City's mayor.  The City's fees stem from the complexity of the factual background, Verizon's extensive discovery practices, and the need to file supplemental briefing as a result of the conversion of the City's motion to dismiss into a motion for summary judgment. As discussed in greater detail below, and as shown in the exhibits attached to the Declarations of Gail A. Karish, Brian Pierik, and Robert May, the City is entitled to the full recovery of $77,583.40 because it was

---

[1] This amount does not include fees associated with this motion or any subsequent briefs or oral argument associated with this motion.  The City will provide the total additional fees associated with bringing this motion in its Reply brief.

5:22-CV-00347-NC
DEFENDANT CARMEL-BY-THE-SEA'S
NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES

1  the prevailing party in the litigation and because the fees charged and the total hours
2  spent litigating the case are reasonable.

3  **II.    FACTUAL BACKGROUND**

4           On November 2, 2020, the City and Verizon executed an agreement known as
5  the Agreement Regarding Verizon Wireless Small Cell Facilities ("Settlement
6  Agreement"). (Declaration of Gail A. Karish ("Karish Decl.") at ¶ 3, Exh. A at 1.)
7  The Settlement Agreement concerned the parties' terms for attempting to avoid
8  litigation over the City's denial on September 10, 2019, of five applications
9  submitted by Verizon to construct "small cell" wireless communications facilities on
10 utility poles in the City's public right-of-way. (Id.) The Settlement Agreement
11 provided that Verizon would submit, and the City would review, new applications
12 for alternative sites, and the City would "take final action on each application in strict
13 compliance with FCC shot clock periods unless Verizon Wireless agrees to toll the
14 shot clock." It also provided that the application would be "deemed approved by
15 operation of law" if the City failed to take timely final action. (Id. at 1–2.) Section
16 13 of the Settlement Agreement contains an attorneys' fees provision which states
17 that "[t]he prevailing Party in any action or proceeding to enforce this Agreement
18 shall be entitled to recover their attorneys' fees in enforcing their rights under this
19 Agreement." (Id. at 7.)

20          On January 18, 2022, Verizon filed a lawsuit against the City. (ECF No. 1.)
21 In its Complaint, Verizon alleged that the City violated the Telecommunications Act
22 of 1996 ("TCA") because it failed to act timely on Verizon's application to "replace
23 an existing 39-foot, 10-inch wood utility pole with a new wood pole and a small cell
24 personal wireless service facility on Carmelo Street between Eighth and Ninth
25 Avenues in [the City]." (ECF No. 1 at ¶¶ 3, 43–49.) Specifically, Verizon alleged
26 that the timeline for the City to take final action on its application expired on
27 December 17, 2021, and that the City did not take final action on Verizon's

28

- 2 -

BEST BEST & KRIEGER LLP

application by that date because the City did not deliver a written denial notice to Verizon prior to that date. (ECF No. 1 at ¶¶ 43–49.) The proposed location for the small cell facility—referred to as the "Carmelo Site"—was one of the alternative sites specified in the Settlement Agreement. (Karish Decl. at ¶ 2, Exh. A at 2.) As a result, in addition to its TCA claim, Verizon alleged that the City breached the Settlement Agreement, entitling Verizon "to the necessary approvals to construct the Carmelo Site." (ECF No. 1 at ¶¶ 50–53.) Specifically, Verizon alleged that "[t]he Settlement Agreement specifie[d] that the City w[ould] take final action 'in strict compliance with FCC shot clock periods unless Verizon Wireless agree[d] to toll the shot clock,'" and that "[i]f the City 'fail[ed] to take final action on the application within the timeline specific,' then the application 'shall be deemed approved by operation of law.'" (ECF No. 11 at ¶ 51.) Verizon also alleged it was entitled to attorneys' fees pursuant to the Settlement Agreement (ECF 1 at p. 11.).

On February 17, 2022, the City filed a Motion to Dismiss Verizon's Complaint. (ECF No. 11.) The City argued that Verizon failed to state a claim for relief under the TCA and the Settlement Agreement because the City did issue a timely written denial of the Carmelo application. The City satisfied the written denial requirement in two ways: First, it issued a draft denial resolution and also published a video recording of the City Council meeting at which the City Council denied the application, and, second, it issued a final, signed denial resolution on December 14, 2021 and made the document publicly available on that same day. (ECF No. 11 at 5:14–24.) The City further argued that the TCA did not impose a delivery requirement on municipalities. (ECF No. 11 at 6:23–7:25.) However, because the Court held the City relied on evidence outside the pleadings, the Court converted the Motion to Dismiss into a Motion for Summary Judgment and permitted Verizon to take discovery. (ECF No. 29.) The Court also permitted both sides to submit a supplemental brief. (Id.)

BEST BEST & KRIEGER LLP

1   Following the Court's order, Verizon engaged in extensive discovery,

2   including serving a request for production, a Public Records Act request, and

3   deposing three City staff members and the City's mayor. (Karish Decl. at ¶ 4.)

4   Verizon submitted its supplemental brief on May 16, 2022. (ECF No. 36.) The City

5   submitted its supplemental brief on June 10, 2022. (ECF No. 37.)

6       On June 30, 2022, the Court granted the City's Motion for Summary Judgment.

7   (ECF No. 44.) The Court held that the City fulfilled the TCA when it "post[ed] . . .

8   the draft Denial Resolution and video recording of the [City Council meeting]" and

9   when it made "the final Denial Resolution . . . available to the public through a Public

10  Records Act request . . . ." (ECF No. 44 at 7:18–8:1.) The Court also held that the

11  TCA did not impose a delivery requirement. (ECF No. 44 at 7:7–17.) As a result,

12  the Court dismissed Verizon's Complaint with prejudice. (ECF No. 44 at 9:13–14.)

13  The Court entered judgment in favor of the City that same day. (ECF No. 45.) On

14  July 28, 2022, Verizon filed a notice of appeal to the Ninth Circuit Court of Appeals.

15  (ECF No. 48.)

16  ### III.  LEGAL STANDARD AND JURISDICTION

17      "Under the 'American rule,' litigants are required to bear the expenses of their

18  litigation unless a statue or private agreement provides otherwise." Grove v. Wells

19  Fargo Fin. Cal. Inc., 606 F.3d 577, 579 (9th Cir. 2010) (quoting Carbonell v. INS, 429

20  F.3d 894, 897–98 (9th Cir. 2005)). The award of attorneys' fees pursuant to a

21  provision in a contract is controlled by state law. Resolution Trust Corp. v. Midwest

22  Federal Sav. Bank of Minot 36 F.3d 785, 800 (1993) .

23      "California law authorizes the recovery of attorney's fees pursuant to

24  contractual provisions." Marcus v. Countrywide Home Loans, Inc., Case No. CV

25  17-950 PA (FFMx), 2017 WL 11286023, at *2 (C.D. Cal. Oct. 13, 2017) (citing Cal.

26  Civ. Code § 1717; Cal. Civ. Proc. Code §§ 1021, 1033.5(a)(10)(A)).

27

28

BEST BEST & KRIEGER LLP

51312.00004\40295556.2                          - 4 -

5:22-CV-00347-NC
DEFENDANT CARMEL-BY-THE-SEA'S
NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES

BEST BEST & KRIEGER LLP

1    California Code of Civil Procedure § 1021 provides that

2    "[e]xcept as attorney's fees are specifically provided for by

3    statute, the measure and mode of compensation of

4    attorneys and counselors at law is left to the agreement,

5    express or implied, of the parties."  Similarly, California

6    Code of Civil Procedure 1032(b) provides that "[e]xcept as

7    otherwise expressly provided by statute, a prevailing party

8    is entitled as a matter of right to recover costs in any action

9    or proceeding," which include "[a]ttorney's fees, when

10   authorized by . . . [c]ontract," Cal. Civ. Proc. Code §

11   1033.5(a)(10)(A).  The term "prevailing party" is defined

12   to "include[ ] the party with a net monetary recovery, a

13   defendant I whose favor a dismissal is entered, a defendant

14   where neither plaintiff nor defendant obtains any relief, and

15   a defendant as against those plaintiffs who do not recover

16   any relief against the defendant."  Id. § 1032(a)(4).

17   Marcus, 2017 WL 11286023, at *2.

18       Furthermore, California Civil Code § 1717(a) allows a prevailing party in an

19   action to enforce a contract to recover attorneys' fees when the recovery is

20   specifically provided for in the contract.  The statute states that "the party who is

21   determined to be the party prevailing on the contract . . . shall be entitled to

22   reasonable attorney's fees in addition to other costs."  Cal. Civ. Code § 1717(a).

23   "California courts liberally construe the term on a contract as used within [Civil

24   Code § 1717].  As long as the action involves a contract it is on the contract within

25   the meaning of [Civil Code § 1717]."  Dell Merk, Inc. v. Franzia, 132 Cal.App.4th

26   443, 455 (2005).

27

28

Despite Verizon's notice of appeal, this Court retains jurisdiction to hear collateral matters, including an award of attorneys' fees.  Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992).

## IV.    THE CITY IS ENTITLED TO RECOVER ITS REASONABLE ATTORNEY FEES

Verizon's lawsuit constitutes an action on a contract within the meaning of California Civil Code § 1717.  Verizon alleged that the City violated the TCA by failing to deliver a written denial prior to December 17, 2021, and that as a result of this alleged violation, the City also breached the Settlement Agreement, entitling Verizon to a deemed granted remedy.  (ECF No. 1 at ¶¶ 50–53.)  Specifically, Verizon alleged that "[t]he Settlement Agreement specifie[d] that the City w[ould] take final action 'in strict compliance with FCC shot clock periods unless Verizon Wireless agree[d] to toll the shot clock," and that "[i]f the City 'fail[ed] to take final action on the application within the timeline specific,' then the application 'shall be deemed approved by operation of law.'" (ECF No. 11 at ¶ 51.)  Thus, the Settlement Agreement was a central component of Verizon's lawsuit against the City, and Verizon's claims "sufficiently involved the [Settlement Agreement] to be 'on a contract' within the meaning of California Civil Code § 1717." Marcus, 2017 WL 11286023 at * 4 (noting that "on a contract" must be given "a liberal construction"); also Knudsen v. C.I.R., 793 F.3d 1030, 1035 (9th Cir. 2015) ("A settlement is a contract . . . .").

Verizon also alleged it was entitled to attorneys' fees pursuant to the Settlement Agreement (ECF 1 at p. 11.). Section 13 of the Settlement Agreement states, "[t]he prevailing Party in any action or proceeding to enforce this Agreement shall be entitled to recover their attorneys' fees in enforcing their rights under this Agreement."  This provides a sufficient basis for the Court to award attorneys' fees pursuant to California Civil Code § 1717.  Furthermore, the City is the prevailing party.  "When a party obtains a simple, unqualified victory by completely prevailing

BEST BEST & KRIEGER LLP

on or defeating all contract claims in the action and the contract contains a provision for attorney fees, section 1717 entitles the successful party to recover reasonable attorney fees incurred in prosecution or defense of those claims." Scott Co. of California v. Blount, Inc., 20 Cal.4th 1103, 1109 (1999) (citing Hsu v. Abbara, 9 Cal.4th 863, 877 (1995)).

In this case, the City defeated all of Verizon's claims—including its contract claim—when the Court granted the City's Motion for Summary Judgment and dismissed Verizon's Complaint with prejudice.[2] There can be no doubt that the City is the prevailing party and, thus, is entitled to its reasonable fees pursuant to California Civil Code § 1717 and Section 13 of the Settlement Agreement.

## V.    THE CITY'S FEES ARE REASONABLE

"California Civil Code § 1717(a) allows for the recovery of 'reasonable attorney's fees.'" Marcus, 2017 WL 11286023, at *5. "[T]he trial court has broad authority to determine the amount of a reasonable fee." PLCM Grp. v. Drexler, 22 Cal.4th 1084, 1095 (2000). "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." Id. at 1095. "The reasonable hourly rate is that prevailing in the community for similar work." Id. The City seeks $61,958 in fees. This amount is reasonable.

---

[2] Generally, California Civil Code "section 1717 applies only to attorney fees incurred to litigate . . . contract claims." Santisas v. Goodin, 17 Cal.4th 599, 615 (1998). Thus, when a party alleges both contract and non-contract claims, fees are apportioned based on the amount incurred to litigate the various claims. Billon, Inc. v. Slatin, SACV 16-00788-CJC(JPRx), 2018 WL 1409746, at *2 (C.D. Cal. Jan. 3, 2018). However, fees are not apportioned "when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed. All expenses incurred with respect to the [issues common to all causes of action] qualify for award." Reynolds Metals Co. v. Alperson, 25 Cal.3d 124, 129–130 (1979). That is the case here. Verizon's TCA claim and its breach of contract claim are inextricably intertwined; the breach of contract claim is entirely predicated on Verizon's allegations that the City violated the TCA's shot clock requirement.

BEST BEST & KRIEGER LLP

**A.    The Rates Of The City's Attorneys Are Reasonable**

The City retained two main attorneys to handle this matter: Gail A. Karish, a partner at Best Best & Krieger, LLP, and Avi Rutschman, an associate at Best Best & Krieger, LLP.  Ms. Karish is highly experienced in the field of telecommunications law and has practiced as a licensed California attorney for more than 15 years.  Her billing rate is $360 per hour, a reasonable rate within the Northern District of California.  See Teetex LLC v. Zeetex, LLC, Case No. 20-cv-07092-JSW, 2022 WL 2439176 at * (N.D. Cal. July 5, 2022) (finding rate of $400 per hour reasonable for experienced attorney).  Mr. Rutschman has eight years of litigation experience.  His billing rates is $275 per hour, also a reasonable rate in the Northern District of California.  See Chen v. Chase Bank USA, N.A., No. 19-cv-01082-JSC, 2020 WL 3432644, at *10 (N.D. Cal. June 23, 2020) (approving rates between $475 and $750 per hour for attorneys).

Mr. Pierik and Mr. May also assisted with the litigation.  Mr. Pierik is a partner with Burke, Williams & Sorenson, LLP and serves as the City Attorney for the City.  (Declaration of Brian Pierik ("Pierik Decl.") at ¶ 2.)  Mr. Pierik assisted the lawsuit by serving as the primary liaison between Ms. Karish and Mr. Rutschman and the City Council and City staff.  Mr. Pierik also assisted by providing key institutional knowledge, information regarding the case's complex factual background, and strategic insights regarding the litigation.  (Id. at ¶ 3.)  Mr. May is the managing partner of Telecom Law Firm PC.  (Declaration of Robert C. May III ("May Decl.") at ¶ 1.)  Mr. May and his associates assisted the City by providing pertinent details regarding the case's complex factual background and by reviewing the City's briefs.  (Id. at ¶¶ 8–9.)

**B.    The Amount of Hours Billed Are Reasonable**

The City's principal attorneys billed 197.3 hours.   Of these hours, Mr. Rutschman billed 110 hours, Ms. Karish billed 77.8 hours, and two paralegals billed

Best Best & Krieger LLP

51312.00004\40295556.2

- 8 -

5:22-CV-00347-NC
DEFENDANT CARMEL-BY-THE-SEA'S
NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES

a combined total of 9.5 hours.  The work included (1) conducting a thorough investigation of the merits of the case; (2) advising the City Council regarding litigation strategy; (3) researching, drafting, and arguing a motion to dismiss, (4) responding to a request for production and a Public Records Act request; (5) preparing witnesses for, and defending, four depositions; and (6) drafting supplemental briefing in support of the City's converted Motion for Summary judgment.  This work is detailed in the invoices attached to the Declaration of Gail A. Karish.  Mr. May and his associates billed 24.6 hours, and the work performed by Mr. May and his associates is detailed in the redacted invoices attached to his declaration as Exhibit A.  (May Decl. at ¶ 10, Exh. A.)  Mr. Pierik billed 33.3 hours, which is set forth in the invoices attached to his declaration.  (Pierik Decl. at ¶ 4, Exh. A.)

The case involved a lengthy factual history and complex legal issues regarding the TCA, including addressing a novel argument that the TCA imposed a delivery requirement upon municipalities for written denials.  Considering the complexity of issues, the amount of time devoted and the success of counsel's efforts, the City's request for attorney fees in the amount of $77,583.40 is reasonable.

The billing records also show that the case staffing was appropriate.

## VI.  CONCLUSION

For the reasons discussed above, the City is entitled to recover its attorneys' fees totaling $77,583.40.

Dated:        August 4, 2022                 BEST BEST & KRIEGER LLP


By: */s/ Gail A. Karish*
GAIL A. KARISH
AVI W. RUTSCHMAN

Attorneys for Defendant
CARMEL-BY-THE-SEA

BEST BEST & KRIEGER LLP

1

2

3

4

5

6

7

8

9

10

11

Best Best & Krieger LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28